Counseling and Advising Clients Exclusively on Laws of the Workplace

**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.laborlawsny.com

**Saul D. Zabell**
Email: szabell@laborlawsny.com

December 28, 2016

**_VIA_ ELECTRONIC CASE FILING**

The Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: **Roy White v. Visual Millwork & Fixture MFG, Inc.**
            **Case No.: 16-cv-0071 (ENV) (SLT)**

Your Honor:

    We are co-counsel to Visual Millwork & Fixture MFG, Inc., Defendant, in the above-referenced matter. We write to respectfully request the issuance of an Order striking Plaintiff's Complaint, removal of *pro bono* mediation counsel, M. Salman Ravala, Esq., and an award of costs and sanctions associated with the cancellation of Plaintiff's previously confirmed Deposition.

    On December 5, 2016, Plaintiff agreed to the following deposition schedule: December 27, 2016 for Defendant's deposition of Plaintiff; December 28, 2016 for Plaintiff's deposition of Mario Fichera, Sr.; and December 29, 2016 for Plaintiff's deposition of Mario Fichera, Jr. and James Calandra. Defendant confirmed these dates in writing on December 6, 2016. *See* Exhibit 1.

    On or about December 20, 2016, the undersigned learned Mr. Mario Fichera, Sr., Chief Executive Officer of Defendant Corporation was to begin medical treatment on December 27, 2016. Defendant attempted to contact *pro bono* mediation counsel M. Salaman Ravala, Esq. on December 23, 2016 *via* telephone prior to filing a motion to extend time to complete discovery because Your Honor Ordered that depositions be complete prior to the commencement of mediation. [ECF Doc. 22] Mr. Ravala's

Case 1:16-cv-00071-ENV-ST   Document 27   Filed 12/28/16   Page 2 of 3 PageID #: 83

**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 28, 2016
Page 2 of 3

narrow role in this litigation is "for the limited purpose of Mediation." [ECF Doc. 23] Although Defendant was not able to communicate with Mr. Ravala, in the interest of expediency, Defendant filed its motion to extend time later that day on December 23, 2016. [ECF Doc. 26]

During the evening of December 23, 2016, Mediator Charles Newman, Esq. asked if Mr. White knew of the change of schedule. *See* Exhibit 2. Mr. Ravala then transmitted an email stating, "noted. Yes, he is aware that the depositions are off." *Id.* An associate in my office responded and stated, "Please note the depositions are not off. To clarify, and as discussed in our letter, 'he will be unable to appear for his previously scheduled deposition on December 28, 2016.' The other depositions will move forward as planned." *Id.*

Thereafter, at 6:18 p.m. on Monday, December 26, 2016, Mr. Ravala stated, "Mr. White had previously scheduled a vacation, and had cancelled that to do the deposition on the condition that he would be able to depose your clients the next day. Unfortunately, I was out of office to communicate directly with you due to the holiday week(end) and advised Mr. White about your ECF filing just in case he still had an opportunity to make it to his vacation, he could actually do so. He will not be available for tomorrow's deposition due to the last minute mix-up. I also reviewed the discovery submitted to date and there are some important documents missing. I'll be going over his file this week and be in touch accordingly. Thank you." *Id.*

The undersigned responded at 6:37 p.m., by stating, "Mr. White is expected to be there tomorrow. Please advise him of such. If he fails to appear we will move for costs and sanctions against both him and you for your interference." *Id.*

On December 27, 2016, Plaintiff failed to appear for his previously scheduled and confirmed deposition. We endeavored to speak to Plaintiff telephonically. Plaintiff informed the undersigned he was in "one of the Carolinas" after Mr. Ravala instructed him not to appear. Mr. Ravala noted his appearance with the specific caveat that his role was "for the limited purpose of Mediation." [ECF Doc. 23] Accordingly, there exists no basis for Mr. Ravala to interfere in any way with depositions and/or discovery, which precipitated Plaintiff's failure to appear. Moreover, Plaintiff provides no justification to explain why he relied on Mr. Ravala's representations. Simply put, Mr. Ravala has inappropriately interfered with this litigation thereby causing significant delays.



**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 28, 2016
Page 3 of 3

   The undersigned engaged Golkow Litigation Technologies for its court reporter services in connection with the deposition. As a result of Plaintiff's failure to appear, Defendant was charged a fee for the last minute cancellation.

   Based on the foregoing, Defendant respectfully requests an Order striking Plaintiff's Complaint, removal of *pro bono* mediation counsel, M. Salman Ravala, Esq., and an award of costs and sanctions associated with the cancellation of Plaintiff's deposition. Counsel remains available should Your Honor require additional information regarding this application.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell
SDZ/jk

cc: Mr. Roy White (*via* Certified Mail, Return Receipt Requested)
  Mr. M. Salman Ravala, Esq. (*via* Electronic Case Filing)