# CRISCIONE RAVALA, LLP

**MAILING ADDRESS:** 90 PARK AVENUE | SUITE 1700 | NEW YORK, NEW YORK 10016
2001 ROUTE 46 | SUITE 310 | PARSIPPANY, NEW JERSEY 07054 ("BY APPOINTMENT ONLY")
110 EAST BROWARD BOULEVARD | SUITE 1700 | FT. LAUDERDALE, FLORIDA 33301 ("BY APPOINTMENT ONLY")

TELEPHONE (800) 583-1780 | FACSIMILE (800) 583-1787

**M. SALMAN RAVALA, ESQ.** *
SRAVALA@LAWCRT.COM

* ADMITTED IN NY

December 29, 2016

<u>Via Electronic Case Filing</u>
Hon. Judge Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      **Re:**    ***Roy White v. Visual Millwork & Fixture Mfg., Inc.***
              ***Case No. 1:16-cv-00071-ENV-ST***

Dear Judge Tiscione:

     I am *Pro Bono* Mediation Counsel to Mr. Roy White, an 84 year old *Pro Se* Plaintiff, in the above-referenced case.  Given my limited scope of representation, I submit this letter response on behalf of Mr. White who joins this submission by way of his signature below.

     The Defendant's meritless and extreme relief requested in its December 28, 2016 letter [ECF Docket No. 27] should be denied in full.  In summary, the dispute arises from Mr. Zabell's eleventh hour request to adjourn his own client's deposition scheduled for December 28, 2016.  As he writes in his letter, the depositions were scheduled and confirmed by all parties in early December.  Of essence to the scheduling was the understanding between the parties that *all* depositions be conducted consecutively.  Despite this agreement, just two business days prior, on a Friday evening of a holiday weekend, Defendant filed a vague request for extension of time to complete mediation [ECF Docket No. 26] because a corporate officer who, in counsel's own words, is "integral to the proceeding", was suddenly unavailable.  That request was filed via ECF without any notice to Plaintiff, Mr. White.  (*See* Service List for ECF Docket No. 26).  The unclear language in the letter suggested a "change of the deposition schedule."  Since Plaintiff was not given any direct notice of the adjournment, undersigned counsel simply passed along the information to Mr. White that the "deposition is off."  Plaintiff, despite governing himself in good-faith was understandably frustrated with the last minute change – he had cancelled a previously scheduled family vacation to clear dates and make himself available for the methodically scheduled depositions.

  Mr. Zabell cannot file last minute adjournment requests, cancel depositions, harass an elderly party, and make hollowed threats to volunteers who are assisting *Pro Se* parties and the court.  This kind of hostile gamesmanship is simply counter-productive to moving the case forward.  Further, Mr. Zabell cannot speculate private conversations between Plaintiff and his counsel then mischaracterize to Your Honor that the undersigned counsel "instructed" Plaintiff not to appear for the deposition.  The reasonable and more appropriate thing for Mr. Zabell to do prior to filing of a Motion is to work together in good faith and find new dates for the deposition and mediation instead of clogging the court docket with unnecessary requests that could have easily been resolved amongst the parties, as is suggested by Federal Rules of Civil Procedure, local rules, and your individual rules of practice.

  Lastly, Your Honor, Mr. White feels extremely intimidated by opposing counsel.  We request that in addition to denying Defendant's Motion, you Order (i) Defendant's counsel direct all communications for the Plaintiff to the undersigned counsel until mediation is completed; (ii) Plaintiff be allowed to be represented by counsel of his choice during the depositions; (iii) depositions be video-recorded; and (iv) Mediation may be conducted on parallel track to ongoing discovery and/or prior to depositions, and be completed no later than January 31, 2017.

  The undersigned remains available to answer any questions and appear for a scheduling conference, if needed.

           Respectfully,

           */s/ M. Salman Ravala*
           M. Salman Ravala, Esq.
           Pro Bono Counsel

           */s/ Roy White*
           Roy White
           Pro Se Plaintiff

Enclosure

MSR:nn